892 F.2d 1041
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Candis O. RAY, Plaintiff-Appellant,
v.
UNITED STATES SENATE; United States Senate Employees;
Terry Sanford; Paul Vick; John C. Stennis;
Howell Heflin; Malcolm Wallop,
Defendants-Appellees.
 No. 89-2120.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 31, 1989.
Decided: Dec. 22, 1989.
Rehearing Denied Jan. 11, 1990.
 
 Candis O. Ray, appellant pro se.
 Kenneth U. Benjamin, Jr., Morgan J. Frankel, Office of Senate Legal Counsel, for appellees.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Candis O. Ray appeals the dismissal of her action for damages brought against the United States Senate and its employees, several senators and an aide to one of the senators. She has moved for expedited consideration of her appeal. We affirm.
 
 
 2
 Ms. Ray operated a tour and convention business in Washington, D.C., for many years. In the late 1970's, she unsuccessfully sued Senator William Proxmire and his wife, who had a competing tour business, alleging in part that Proxmire had assisted his wife's business for a time by making certain Senate rooms available to her tour groups and that in doing so he had violated Senate rules. Ms. Ray later complained to the Senate Ethics Committee about the matter, and to the Rules Committee, which responded by issuing a memorandum to all senators reminding them that a long-standing policy of the Rules Committee prohibited any commercial or profit-making use of the particular rooms in question.
 
 
 3
 More recently, Ms. Ray enlisted the help of her senator, who presented a petition for damages to the Senate Appropriations Committee; the Committee decided not to act on it.
 
 
 4
 In this action, Ms. Ray seeks damages for her senator's alleged failure to press her petition vigorously enough, for the Appropriations Committee's failure to act favorably on her petition, for delay in giving her access to the committee report which recommended no action and for the earlier failure of the Ethics Committee to act on her complaint regarding Senator Proxmire.
 
 
 5
 The district court properly dismissed the claim against the Senate as barred by the doctrine of sovereign immunity. Keener v. Congress of the United States, 467 F.2d 952 (5th Cir.1972). Congressmen and their aides are also protected from suit based on legislative actions and decisions, including committee proceedings, by the Speech and Debate Clause. Gravel v. United States, 408 U.S. 606, 616, 625 (1972); Eastland v. United States Servicemen's Fund, 421 U.S. 491, 502 (1975) (Clause protects against suits by private individuals). The district court correctly found that Ms. Ray cannot claim damages for a committee's or a senator's failure to act on her behalf. Finally, the district court properly dismissed the claim against the senators on the Ethics Committee who took no action against Senator Proxmire. Government officials performing discretionary functions are shielded from liability for civil damages when their conduct does not violate clearly established statutory or constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.